23-7483-cv
*Baker v. Coates*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of December, two thousand twenty-four.

Present:

> GERARD E. LYNCH,
> WILLIAM J. NARDINI,
> EUNICE C. LEE,
> *Circuit Judges*.

_____

RALPH W. BAKER, JR.,

> *Plaintiff-Appellant*,

v.                                                                23-7483

TA-NEHISI P. COATES, BCP LITERARY, INC., THE ATLANTIC, LAURENE POWELL JOBS, DAVID G. BRADLEY, BERTELSMANN SE & CO. KGAA, SPIEGEL & GRAU, CHRIS JACKSON, NICOLE COUNTS, VICTORY MATSUI, KENYATTA MATTHEWS, THE APOLLO, MACEO-LYN, KAMILAH FORBES, SUSAN KELECHI WATSON, WARNER BROS. DISCOVERY, INC., Ms. OPRAH WINFREY, THE WALT DISNEY COMPANY, APPLE, INC., PLAN B, MGM STUDIOS, RYAN COOGLER, JOE ROBERT COLE, ROXANE GAY, YONA HARVEY, THE ATLANTIC MONTHLY GROUP LLC, VICTORIA MATSUI, ENTERTAINMENT,

INC., METRO-GOLDWYN-MAYER STUDIOS
INC., SPIEGEL & GRAU LLC,

*Defendants-Appellees*,

_____

| | |
|---|---|
| For Plaintiff-Appellant: | RALPH W. BAKER, Jr., *pro se*, Brooklyn, New York. |
| For Coates Defendants-Appellees: | JOHN M. BROWNING (Linda J. Steinman, Laura R. Handman, Celyra I. Myers, *on the brief*), Davis Wright Tremaine LLP, New York, NY. |
| For Defendant-Appellees Oprah Winfrey and Apple, Inc.: | TAL DICKSTEIN (Barry Slotnick, David Forrest, *on the brief*), Loeb & Loeb LLP, New York, NY. |
| For Defendant-Appellees The Apollo and Kamilah Forbes: | Howard Schiffman, Robert Griffin, *on the brief*, Schulte Roth & Zabel LLP, New York NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (J. Paul Oetken, *District Judge*; Sarah L. Cave, *Magistrate Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Ralph W. Baker, Jr., proceeding *pro se*, appeals from a judgment of the United States District Court for the Southern District of New York (J. Paul Oetken, *District Judge*) entered on September 27, 2023, granting Appellees' motion to dismiss the Complaint. Baker sued author Ta-Nehisi Coates, as well as a variety of associated companies and individuals, alleging that Coates and the other defendants infringed on the copyright of Baker's self-published memoir, *Shock Exchange: How Inner-City Kids From Brooklyn Predicted the Great Recession and the Pain Ahead* ("*Shock Exchange*"). Baker alleged that upon reading Coates's novel *The Water Dancer*, he realized that Coates had attempted to mimic his writing style and had copied portions of *Shock*

2

*Exchange*, which Baker had sent Coates in 2013. Approximately eighty pages of Baker's complaint are dedicated to side-by-side comparisons between *Shock Exchange* and Coates's various literary works including: *The Water Dancer*, *Between the World and Me*, *We Were Eight Years in Power*, several magazine articles and comic books, as well as dialogue from the movie *Black Panther*. For instance, Baker used the following two passages to demonstrate how, in his view, Coates must have appropriated what Baker describes as *Shock Exchange*'s "rhythmic prose and tedious talk" writing style:

| *The Water Dancer* | *Shock Exchange* |
|---|---|
| The effect of all this was a kind of watchfulness among the tasking folks, in particular toward those you did not know. This worked the other way too, so that if you were new to Lockless or any of these other houses of bondage, you took things slow, you did not question or inquire on people's affairs, for if you did you might then be thought to be among those who were eye [sic] and ears, who tasked among the Task, and this was a dangerous place because then you thought yourself might be poisoned or plotted against. | We would see all kinds of people from the community, some from Mercy Seat, Hampden-Sydney, Darlington Heights, etc., looking like they were in dire straits. If he didn't know the person, then Grandpa miraculously was out of liquor. We kids saw this take place for years and never once mentioned it, not even amongst ourselves; we knew better. |

Complaint, Ex. B, at 9, 17, *Baker v. Coates*, No. 22-cv-7986, 2023 WL 6289964 (S.D.N.Y. Sept. 27, 2023), ECF No. 2.

After conducting a lengthy review of Baker's allegations, the magistrate judge recommended dismissing the Complaint for failure to state a claim, reasoning in part that the works were not substantially similar as a matter of law. The district court adopted the report and recommendation and dismissed the Complaint. *See Baker v. Coates*, 22-CV-7986 (JPO) (SLC), 2023 WL 6007610 (S.D.N.Y. July 26, 2023), *report and recommendation adopted*, 2023 WL

3

6289964 (S.D.N.Y. Sept. 27, 2023).[1]  On appeal, Baker challenges the dismissal of his Complaint, and moves to hold Appellees' counsel in contempt and to strike Appellee Apple, Inc.'s brief.  We assume the parties' familiarity with the case.

We review *de novo* the grant of a motion to dismiss for failure to state a claim.  *See Hernandez v. United States*, 939 F.3d 191, 198 (2d Cir. 2019).  To establish copyright infringement, "two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."  *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).  A plaintiff "must demonstrate that: (1) the defendant has actually copied the plaintiff's work; *and* (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectible elements of plaintiff's."  *Hamil Am. Inc. v. GFI*, 193 F.3d 92, 99 (2d Cir. 1999).

An evaluation of substantial similarity is "guided by comparing the contested [work's] total concept and overall feel with that of the allegedly infringed work."  *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 66 (2d Cir. 2010).  The court may consider similarities in "feel, theme, characters, plot, sequence, pace, and setting," but must look beyond "superficial similarities."  *Williams v. Crichton*, 84 F.3d 581, 588–89 (2d Cir. 1996).  Dismissal is appropriate if the works in question are not substantially similar as a matter of law—that is, if no reasonable jury could find the works substantially similar.  *See Peter F. Gaito Architecture*, 602 F.3d at 63–64.  "[T]he works themselves supersede and control contrary descriptions of them, including any contrary allegations, conclusions or descriptions of the works contained in the pleadings."  *Id.* at 64.

---

[1] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

The district court properly dismissed Baker's complaint. We agree with the district court that Baker has failed to demonstrate substantial similarity as a matter of law between *Shock Exchange* and the alleged infringing works. The passages that Baker includes in his Complaint to demonstrate alleged similarities in content and style show neither; the works are so dramatically different in content, total concept, and overall feel that no "lay observer" would regard Coates's works as having been appropriated from *Shock Exchange*. *Id.* at 66. Where the excerpts of *Shock Exchange* employ a straightforward, unadorned literary style, the excerpts of Coates's works demonstrate a more intricate and detailed manner of writing. Beyond relating to Black history and culture, the overall concepts of *Shock Exchange* and Coates's works bear little overlap. To the extent there are any similarities between Baker's work and Coates's, they concern *ideas*, which are not copyrightable, rather than the *expression* of those ideas or the form in which they are presented, which are copyrightable. For example, while Coates's works and *Shock Exchange* both touch on Reconstruction, imprisonment, and redlining, the Complaint's side-by-side excerpts reveal no similarities beyond general factual narratives; to the extent there are any similarities of wording or expression, such similarities are minor or superficial.

Baker argues that the district court erred in concluding there was no substantial similarity between the works without considering comprehensive nonliteral similarity. This argument is unavailing. The comprehensive nonliteral similarity test refers to an examination of "whether the fundamental essence or structure of one work is duplicated in another," in contrast to "the fragmented literal similarity test, which focuses upon copying of direct quotations or close paraphrasing." *Castle Rock Ent., Inc. v. Carol Publ'g Grp., Inc.*, 150 F.3d 132, 140 (2d Cir. 1998). In evaluating substantial similarity in terms of total concept and overall feel, the district court

assessed whether the fundamental essence or structure of *Shock Exchange* was duplicated in Coates's works.  We agree with the district court that it was not.

Baker also argues that the district court erred in adopting the R&R's recommendation to dismiss his copyright claims against a subset of defendants for insufficient service of process and his unfair competition claims.  However, the absence of substantial similarity is dispositive of Baker's copyright claims against all defendants, as well as his unfair competition claims.  *See Warner Bros. Inc. v. Am. Broad. Cos.*, 720 F.2d 231, 246 (2d Cir. 1983) (observing that an unfair competition action may fail where comparison of the works "establishes as a matter of law a lack of substantial similarity that would create a likelihood of confusion as to source").  Accordingly, even assuming *arguendo* that those issues were properly before us, any error by the district court would be of no moment.[2]

Finally, Baker's motion to strike Apple's brief and hold the law firms in contempt is denied because it is meritless.  Not only does Baker allege no bad faith on appeal, but his filings reveal that he was not actually deprived of access to the material on certain unplayable discs.  Accordingly, Baker's ability to respond to the motions to dismiss was not meaningfully hindered.

*   *   *

---

[2] A *pro se* litigant's failure to timely object to a magistrate judge's recommendation will preclude appellate review of unobjected-to portions, provided the report and recommendation gives adequate warning, as it did here.  *See Small v. Sec'y of Health & Hum. Servs.*, 892 F.2d 15, 16 (2d Cir. 1989); *see also Baker*, 2023 WL 6007610, at *23.  The district court observed that Baker had failed to object to the relevant portions of the report and recommendation, and reviewed them for clear error only.  *See Baker*, 2023 WL 6289964, at *2–3, 5.  Thus, by failing to object to the service-of-process and unfair-competition recommendations, Baker forfeited his right to appeal those aspects of the decision.

We have considered all of Baker's remaining arguments and find them unpersuasive.

Accordingly, we **AFFIRM** the judgment of the district court and **DENY** Baker's motion.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court